IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVE NIECE on behalf of himself and all others similarly situated,<br><br>      Plaintiff.<br>v.<br><br>A&G COAL CORPORATION, and SOUTHERN COAL CORPORATION,<br><br>      Defendants. | Case No. 7:13CV00580<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Steve Niece ("Plaintiff") alleges on his own behalf and the class of those similarly situated as follows:

## NATURE OF THE ACTION

1. The Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings of the facility located in Norton, Virginia that is owned by Defendant A&G Coal Corporation ("A&G Coal") and Southern Coal Corporation (collectively, the "Defendants")and/or additional facilities in Virginia and Kentucky, as that term is defined by the WARN Act, operated by Defendants in Virginia and Kentucky (collectively, the "Facilities") where such mass layoffs or plant closings were ordered by Defendants on or within ninety (90) days of June 8, 2013 and thereafter and who were not provided 60 days advance written notice of their terminations by Defendants ("Similarly Situated Employees"), as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et. seq.

2. Plaintiff and all Similarly Situated Employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104, from Defendants, as a "single employer" under the WARN Act. As such, each of the Defendants are liable under the WARN Act for Defendants' failure to provide Plaintiff and the other Similarly Situated Former employees at least 60 days' advance written notice of termination, as required by the WARN Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

4. The violation of the WARN Act alleged herein occurred in this district.

5. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

6. Plaintiff Steve Niece was employed by Defendants, as a "single employer," and worked at Job 21 in Norton, Virginia mine until his termination or about June 8, 2013 at which time he was laid off for more than 6 months.

*Defendants*

7. Upon information and belief at all relevant times, Defendants, as a single employer, maintained and operated the Facilities.

8. Upon information and belief and at all relevant times, Defendant A&G Coal is a U.S. corporation organized and existing under the laws of the State of Virginia and conducted business in this district.

9. Upon information and belief and at all relevant times, Defendant Southern Coal is a U.S. corporation organized and existing under the laws of the State of Virginia and conducted business in this district. Southern Coal's principal place of business is 302 South Jefferson Street 5th Floor Roanoke, Virginia 24011.

10. Upon information and belief, Southern Coal, who was the parent company of A&G Coal oversaw and directed the operations of A&G Coal.

11. Upon information and belief, the Defendants shared the same address of 302 South Jefferson Street, Suite 600 Roanoke, Virginia 24011.

12. Upon information and belief, Southern Coal controlled the employment decisions concerning Plaintiff and Similarly Situated Employees.

13. Upon information and belief, Southern Coal controlled the discipline and discharge of Plaintiff and Similarly Situated Employees.

14. Until on or about June 8, 2013 or within ninety (90) days of that date and thereafter, the Plaintiff and Similarly Situated Employees were employed by Defendants and worked at or reported to the Facilities.

15. Upon information and belief, Defendants, as a single employer, operated the Facilities.

16. Upon information and belief, the Defendants made the decision to terminate the Plaintiff and Similarly Situated Employees.

3

## CLASS ALLEGATIONS, 29 U.S.C. § 2104

17. Plaintiff brings this action on his own behalf and on behalf of all other Similarly Situated Employees of Defendants who worked at or reported to the Facilities and were terminated without cause on or about June 8, 2013 or within ninety (90) days of that date and thereafter, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants on those dates, pursuant to 29 U.S.C. § 2104(a)(5).

18. On or about June 8, 2013 or within ninety (90) days of that date and thereafter, Defendants, as a single employer, ordered mass layoffs and/or a plant closings as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were required to provide 60 days advance written notice under the WARN Act to the Plaintiff and Similarly Situated Employees.

19. At or about the time of the aforementioned terminations, Defendants terminated the Plaintiff and Similarly Situated Employees, totaling at least 300 people at the Facilities.

20. Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the other Similarly Situated Employees.

21. Each of the other Similarly Situated Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

22. The Plaintiff and the other Similarly Situated Employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

23. Defendants were required by the WARN Act to give the Plaintiff and the other Similarly Situated Employees at least 60 days advance written notice of their respective terminations.

24. Prior to their termination, neither the Plaintiff nor the other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

25. Defendants failed to pay the Plaintiff and the other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective terminations.

## CLASS ALLEGATIONS, F.R.C.P. 23

26. Plaintiff sues under the Federal Rules of Civil Procedure, 23(a) and (b), on behalf of himself and the Similarly Situated Employees who worked at or reported to the Facilities and were terminated without cause on or about June 8, 2013 or within ninety (90) days of that date and thereafter, or within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about June 8, 2013 or within ninety (90) days of that date and thereafter, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

27. The persons in the Class identified above ("Class Members") are

so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

28. On information and belief, the identity of the members of the Class and the recent residence address of each of the Class Members is contained in the books and records of Defendants.

29. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class Member at the time of his/her termination is contained in the books and records of the Defendants.

30. There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

31. The claims of the Plaintiff are typical of the claims of the Class.

32. The Plaintiff will fairly and adequately protect the interests of the Class.

33. The Plaintiff has retained counsel competent, experienced in complex class action employment litigation.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

35. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will avoid multiplicity of suits, will conserve the judicial resources and the resources of the parties and is

the most efficient means of resolving the WARN Act rights of all the members of the Class.

36. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) whether the Class Members were employees of the Defendants who worked at or reported to the Facilities;

(b) whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

(c) whether Defendants paid the Class members 60 days wages and benefits as required by the WARN Act.

## **CLAIM FOR RELIEF**

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

39. At all relevant times, each Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

40. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

41. The Defendants constituted a "single employer" of the Plaintiff and the Class Members under the WARN Act in that, among other things:

(a) The Defendants were financially controlled and dependent upon one another;

(b) Southern Coal oversaw and directed the operations of A&G Coal; Southern Coal directed A&G Coal as to termination dates for employees; Southern Coal ordered the terminations of the Plaintiff and Similarly Situated Employees;

(c) There was a dependency of operations between Defendants evidenced by the simultaneous layoffs and shutdowns of the Facilities.

42. On or about June 8, 2013 or within ninety (90) days of that date and thereafter the Defendants ordered mass layoffs and/or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

43. The mass layoffs and/or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

44. The Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facilities.

45. The Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 210l(a)(5).

46. Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

47. Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

48. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

49. Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all Similarly Situated Employees, pray for the following relief as against Defendants, jointly and severally:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the Similarly Situated Employees constitute a single class;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and each of the Similarly Situated Employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other

9

ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4).

E. Interest as allowed by law on the amounts owed under the preceding paragraph;

F. Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

G. Such other and further relief as this Court may deem just and proper.

Dated: December 10, 2013

Respectfully submitted,

STRICKLAND DIVINEY & STRELKA

By: /s/ Correy Diviney

**Correy Diviney (VSB#74833)**
Strickland, Diviney & Strelka
23 Franklin Road SW
Roanoke, VA 24011
Telephone: (540)982-7787
Fax: (540)342-2909
Email: correy@aps.roacoxmail.com

**Mary E. Olsen**
**M. Vance McCrary**
**David Tufts**
The Gardner Firm, P.C.
210 South Washington Ave.
P O Drawer 3103
Mobile, AL 36652
Telephone: (251) 433-8100
Fax: (251) 433-8181
Email: molsen@thegardnerfirm.com
Email: vmccrary@thegardnerfirm.com
Email: dtufts@thegardnerfirm.com

10

(*pro hac vice* motions forthcoming)

**Stuart J. Miller**
Lankenau & Miller, LLP
132 Nassau Street
Suite 423
New York, NY 10038
Telephone: (212) 581-5005
Fax: (212) 581-2122
Email: sjm@lankmill.com
(*pro hac vice* motion forthcoming)

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
733 St. Antoine, 3rd Floor
Detroit, Michigan 48226
P: (313) 962-6540

*Attorneys for Plaintiff and the Putative Class*