IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

STEVE NIECE, et al. on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

Case No.: 7:13-cv-00580

A&G COAL CORPORATION and
SOUTHERN COAL CORPORATION,

Defendants

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between Steve Niece and Billy Sparks (the "Named Plaintiffs" and/or "Class Representatives"), on behalf of themselves and on behalf of the individuals named on Exhibit 1 hereto (the "Class" or "Class Members") on the one hand and A&G Coal Corporation and Southern Coal Corporation ("Defendants") on the other hand. The Defendants and the Class will collectively be referred to hereafter as the "Parties."

This Settlement Agreement is made with respect to the following recitals:

A.  Plaintiff Niece commenced the above-captioned action (the "Action") by filing a complaint (the "Complaint") against Defendants in the United States District Court for the Western District of Virginia, Roanoke Division (the "District Court"). Plaintiff later amended his Complaint (the "Amended Complaint") to, among other things, include Plaintiff Sparks as a Named Plaintiff. The Action is referred to herein as the "WARN Act Litigation";

B.  The Named Plaintiffs, former employees of A & G Coal, allege that they and other former employees experienced an employment loss at Job 20 and Job 21 on or about June 8, 2013 without receiving 60 days written notice as required by the federal WARN Act;

C.  In their Answers, Defendants asserted numerous defenses to the WARN Act litigation;

D.  Counsel for the Named Plaintiffs and counsel for the Defendants disagree as to whether Defendants have any obligation or liability under the WARN Act with respect to the claims asserted in the Amended Complaint;

E.  A Class has previously been certified by order of the Court. After certification of the Class, further discovery revealed that some of the original purported Class Members needed to be excluded from the Class as they are not eligible to be members of the Class under the facts and law. Such persons will receive a Notice of Exclusion. Their names, as well as the persons to remain in Class, are listed on Exhibit 1 hereto;

1

F.  The Parties have engaged in discovery. The Parties have informally and formally exchanged information relevant to the facts, claims and potential damages in this matter. As part of this process, the Parties exchanged positions as to what each Party viewed as its respective strengths and weaknesses with regard to the WARN claims asserted. The Parties had numerous telephone conferences and email exchanges, attempting to avoid further costly litigation and the uncertainties and risks associated therewith;

G.  The Named Plaintiffs have engaged counsel that has extensive experience in WARN class action litigation. The Named Plaintiffs and their counsel have diligently investigated the facts relating to the alleged "plant closing" or "mass layoff" and the claims that were asserted by the Named Plaintiffs in the Amended Complaint;

H.  The resolution of the WARN Act litigation in this action will save the resources of the Parties and the Court and is in the Parties' best interests;

I.  The Named Plaintiffs support the settlement of the WARN Act Litigation pursuant to the terms of this Settlement Agreement;

J.  Class Counsel asserts that the fee sought herein, which is one third of the Settlement Amount, is customary in WARN Act matters;

K.  Class Counsel asserts that but for the legal services they provided, the Class would not have had any recovery on their WARN Act claims;

L.  Class Counsel asserts that they have expended considerable time in prosecuting the WARN Act claims of the Class and the legal fee provided herein, equal to one third of the Settlement Amount, is fair and reasonable under the circumstances; and

M.  The Parties have agreed to fully and finally compromise, settle, and resolve any and all demands, claims, damages, and causes of action, present and future, arising from the WARN Act Litigation.

NOW, THEREFORE, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. Pursuant to the terms of this Settlement Agreement, the Settlement Amount shall be equal to $365,000.00, which amount shall be distributed to the Class and Class Counsel pursuant to the terms set forth herein.

2. Based upon the information available, the Defendants provided Class Counsel with a true and complete listing of Class Members and work and pay information as to the Class Members. Class Counsel thereafter made calculations as to the Class Members, and attach them hereto as Exhibit 1.

3. Within 30 days of Final, Unappealable Approval by the Court (the "Initial Distribution Date"), Defendants shall make the following payments: 1) Defendants shall deliver to Class Counsel paychecks made to the order of each Class Member in the amount shown on Exhibit 1, less employee payroll withholdings; and 2) Defendants shall pay Class Counsel's fees in the amount of $118,333.33 and costs in an amount not to exceed $7,500.00. Defendants will distribute W-2 Forms to each Class member and a Form 1099 for the attorneys' fees and costs payment. The amounts set forth on Exhibit 1 were derived by first estimating the wages each Class Member would earn in a sixty day period according to A&G Coal Corporation's books and records ("Maximum Potential Damages"). Each Class Member will receive a pro rata percentage of his Maximum Potential Damages. The two Named Plaintiffs shall have, in addition to the amounts set forth on Exhibit 1, an additional payment of $5,000 each in payment for the service each provided to the Class in connection with the prosecution of this action (the "Service Payment"). Defendants will distribute a Form 1099 to each Named Plaintiff regarding the Service Payment.

4. Except for the rights arising out of, provided for, or reserved in this Agreement, the Class Members, for and on behalf of themselves, and their respective predecessors, successors and assigns (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge the Defendants and all of its respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, which the Releasing Parties may now have against the Released Parties, based on the WARN Act and any other statute, regulation, ordinance or common law requiring an employer to provide advance notice prior to laying off or terminating an employee and which were or could have been asserted in the Complaint or Amended Complaint in this case. The claims released hereunder are referred to herein as the "Released Claims." In order to receive any settlement amounts under this Agreement, each Class Member must endorse their respective settlement check that will contain, on the back, the following language: "By endorsing this check, I hereby release all claims based on the WARN Act which were asserted in or which could have been asserted in the lawsuit captioned *Steve Niece, et al.* v. *A&G Coal Corporation et al.*, No. 7:13-cv-580, pending before the United States District Court for the Western District of Virginia."

3

5. The Defendants and Class Counsel shall cooperate to cause a joint motion to be filed with the Court for an order approving this Settlement Agreement ("Settlement Motion") and Class Counsel shall mail the Settlement Notice, once Court-approved, to all Class Members, as well as mailing the Exclusion Notice to those who were originally identified as being a part of the Class, but later determined not to be similarly situated to Plaintiffs and the Class.

6. The rights and obligations of any former employee who elected to opt-out of the Class according to the Court approved procedures for doing so ("Opt-out") will be unaffected by this Settlement Agreement and such Opt-out will have the same rights and obligations as the Opt-out would have had if this litigation had never been filed and this Settlement Agreement had never been executed. An Opt-out shall not have any rights against the Defendants by reason of this Settlement Agreement and this Settlement Agreement shall not be admissible and/or used in any fashion in any action by any Opt-out or to otherwise establish or suggest liability or fault by the Defendants and/or any of the Released Parties. The Defendants admit no violation of the WARN Act, or any other law, and reserve all of their rights and defenses with respect to any Opt-out.

7. Approval of this Settlement Agreement by the Court, combined with full consummation of Defendants' obligations under this Settlement Agreement, shall operate as a full release of the Released Parties of all Claims as provided in paragraph 4. Upon occurrence of Court approval, and full payment, as described in this Settlement Agreement, all Released Claims are deemed settled, released and dismissed in their entirety, on the merits, with prejudice.

8. The Parties shall execute a dismissal with prejudice of the Amended Complaint upon the occurrence of both Court approval of this Settlement Agreement and full satisfaction of the payments described in this Settlement Agreement. Class Counsel shall file the same with the Court at that time. The Parties agree that the Court shall retain jurisdiction to enforce the terms and conditions of this Settlement Agreement.

9. All notices and disbursements to the Class Members will be made by first class mail to their last known addresses as set forth on Exhibit 1, or to such updated address provided by a Class Member or located by Class Counsel. The settlement checks will be sent to Class Members in an envelope bearing the return address: The Gardner Firm, P.C., 210 South Washington Avenue, Mobile, Alabama 36602. Every 30 days after settlement checks are mailed, the Defendants shall provide Class Counsel with a report listing all checks, including the names of the payees, which have not been cashed or deposited. Along with the first report to Class Counsel, Defendant shall include the social security numbers of the payees who have not cashed or deposited their checks, to aid Class Counsel in locating these Class Members.

10. If a distribution is returned as undeliverable, Class Counsel will attempt to locate the Class Member whose address has changed using a national address database to which Class Counsel subscribes. Any distributions which are not cashed or deposited within one hundred eighty (180) days of their date of issuance shall be deemed residual funds (the "Residual Funds") on the 181st day following the settlement distributions and treated as described as follows. The Parties agree that any settlement distributions to Class Members that have not been cashed or deposited within 180 days after their date of issuance will have a stop payment entered with the

4

issuing bank. Residual Funds will then be (i) first, used to make distributions to additional Class Members, if any, that may be identified after distribution of the Settlement Amount and who fall within the Class definition herein but who did not appear on Exhibit 1 ("Additional Class Members"), and (ii) second, if any Residual Funds remain after disbursements to Additional Class Members, then donated to The Impact Fund, a non-profit organization dedicated to employee rights.

11. The Parties agree that they are compromising and settling disputed litigation. Each of the Parties shall bear their own attorney's fees, expenses, and court costs.

12. Nothing herein shall prevent any Party from seeking to offer this Settlement Agreement in evidence after the entry of the Order approving the Settlement Agreement by the Court for the purpose of enforcing the terms of the Settlement Agreement.

13. This Settlement Agreement shall be construed pursuant to the laws of the State of Virginia.

14. This Agreement shall be binding upon and shall inure to the benefit of the predecessors, successors and assigns of each of the Parties to the fullest extent under the law.

15. This Settlement Agreement and Exhibit 1 hereto represent the entire agreement and understanding between the Parties as to the subject matter hereof and supersedes all previous agreements and discussions between the Parties as to the matters herein addressed.

16. This Settlement Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original but all of which together shall constitute but one agreement. This Settlement Agreement may be executed by facsimile, or PDF and such facsimile or PDF signature shall be treated as an original signature hereunder.

17. This Settlement Agreement has been prepared by the joint efforts of the respective attorneys for each of the Parties. Each and every provision of this Settlement Agreement shall be construed as though each and every party hereto participated equally in the drafting hereof. As a result of the foregoing, any rule that the document is to be construed against the drafting party shall not be applicable.

18. Except as specified above, this Settlement Agreement is subject to and contingent upon the approval by the Court.

19. The Parties may not waive any provision of this Settlement Agreement except by a written agreement that all of the Parties have signed. A waiver of any provision of this Settlement Agreement will not constitute a waiver of any other provision. The Parties may modify or amend this Settlement Agreement only by a written agreement that all of the Parties have signed.

Dated: February 27, 2015

*signature* 2/27/15

THE GARDNER FIRM, PC
Mary E. Olsen, Esq.
M. Vance McCrary, Esq.
David C. Tufts, Esq.
210 S. Washington Ave.
Post Office Drawer 3103
Mobile, AL 36652


and

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 423
New York, New York 10038

Attorneys for Plaintiffs and the Class


and

*signature* 2/27/15

GENTRY LOCKE RAKES & MOORE LLP
Todd A. Leeson
P.O. Box 40013
Roanoke, VA 24022

and

Dustin M. Deane
*Associate General Counsel*
James C. Justice Companies, Inc. and Affiliates
302 S. Jefferson Street
Roanoke, Virginia 24011

Attorney for the Defendants

26270/4/6978773v2